UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERT RAMOS,**

  *Plaintiff*,

v.                                                Case No. SA-22-CV-00493-JKP

**MOWOOD L.P., A LIMITED PARTNERSHIP;**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Robert Ramos' Motion for Default Judgment against Defendant MOWOOD L.P. *ECF No. 13*. For the reasons that follow, the Court **DENIES** Ramos' motion without prejudice.

In federal court, Federal Rule of Civil Procedure 55 governs entry of default judgment. Under that rule, a three-step process applies for obtaining a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As an initial matter, there must be an actual default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*; *accord* Fed. R. Civ. P. 55(a). In general, a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons or complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Next, there must be an actual entry of default by the clerk under Rule 55(a), which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141. And finally, once there is an entry of default, a "plaintiff may apply for a judgment based on such default." *Id*. Parties are "not entitled to a

default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Whether a court enters default judgment is committed to its sound discretion. *Id*. Entry of a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

A defendant does not become "susceptible to default" until the plaintiff effects service upon that defendant. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam). Therefore, the first showing a plaintiff must make is he properly served the defendant with a summons and the complaint prior to moving for entry of default. *See Williams v. Waste Mgmt., Inc.*, No. 3:16-CV-2943-L-BN, 2017 WL 4570717, at *2 (N.D. Tex. Sept. 7, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 4548474 (N.D. Tex. Oct. 12, 2017). It is the Plaintiff's responsibility to provide an adequate address to serve each defendant. *See Morris v. Copart*, No. 4:15-CV-724, 2016 WL 6608874, at *2 (E.D. Tex. Nov. 9, 2016); *Clark v. ASC Mortg.*, No. 3:14-CV-4236-M, 2015 WL 3632562, at *1 (N.D. Tex. June 10, 2015) (accepting recommendation of Mag. J.); *Gonzalez v. Maneevese*, No. EP-12-CV-191-FM-RFC, 2013 WL 12099978, at *1 n.3 (W.D. Tex. June 12, 2013) (recommendation of Mag. J.) *accepted by* 2013 WL 12103081 (W.D. Tex. June 27, 2013), *aff'd*, 574 F. App'x 347 (5th Cir. 2014) (per curiam).

In this case, Ramos alleges that the Mattress & Furniture store located at 5740 and 5744 Mobud St. in San Antonio, TX, has violated the Americans with Disabilities Act (ADA). Ramos names MOWOOD L.P. as the defendant, alleging that it is "the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action,

specifically the Mattress & Furniture and its attendant facilities." *ECF No. 103, p. 3*. Ramos provides no evidence, however, that MOWOOD L.P. is the proper defendant. His complaint lists the subject property's Bexar County Assessor parcel identification number, but does not explain how this shows that MOWOOD L.P. controls the property that houses the Mattress & Furniture store. Further, Ramos provides no evidence that the person he served was eligible to accept service on behalf of MOWOOD L.P.

The record shows that the process server first attempted to serve MOWOOD L.P. c/o Don R. Freiling at a business address and was told no one by that name worked at that address. *ECF No. 8 at p. 3*. The process server then successfully served Freiling at his home. While it is true that Freiling was served, the Court has questions about whether MOWOOD L.P. is the proper defendant—and, even if it is, if Freiling is eligible to accept service on its behalf. Default judgment is a drastic remedy which the Court grants in limited circumstances. In this case, the Court will not grant default judgment unless and until Ramos demonstrates he properly served the defendant.

The Court therefore **DENIES** Ramos' motion without prejudice to refiling. Any future requests for default judgment must include evidence that MOWOOD L.P. is the proper defendant and that it was properly served through service on Freiling, or some other method. Any future request for default judgment shall also include a briefing on what Ramos seeks in attorneys' fees.

It is so ORDERED.
SIGNED this 15th day of September, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE